**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**TRAVIS VAUGHN BERGER, Individually and as Trustee of the Travis Vaughn Berger Name, Image, and Likeness Trust** **PLAINTIFF**

**V.** **CASE NO. 5:26-CV-5164**

**POLARIS HOME FUNDING CORPORATION; FLAGSTAR BANK, N.A.; LAKEVIEW LOAN SERVICING, LLC; NATIONSTAR MORTGAGE, LLC; M&T BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); GOVERNMENT NATIONAL MORTGAGE ASSOCIATION (GINNIE MAE); UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD); FEDERAL HOUSING ADMINISTRATION) (FHA); OFFICE OF THE COMPTROLLER OF THE CURRENCY (OCC); CONSUMER FINANCIAL PROTECTION BUREAU (CFPB); INTERNAL REVENUE SERVICE (IRS); U.S. DEPARTMENT OF THE TREASURY, OFFICE OF THE INSPECTOR GENERAL; FEDERAL TRADE COMMISSION (FTC); U.S. DEPARTMENT OF JUSTICE (DOJ); and FEDERAL HOUSING FINANCE AGENCY (FHFA)** **DEFENDANTS**

**ORDER OF DISMISSAL**

On July 20, 2026, *pro se* Plaintiff Travis Berger filed a Complaint seeking to enjoin the eminent foreclosure sale of his home, as ordered by the Benton County Circuit Court. He reasoned that the note securing his mortgage contained technical defects and was recorded too late to be enforceable; he also argued that the decree of foreclosure issued by the state court was void "as procured by extrinsic fraud." *See* Doc. 3, ¶¶ 20–22. Mr. Berger's Complaint did not suggest that his current mortgage lender miscalculated the amount he owed or that statutory requirements for foreclosure had not been observed.

Rather, he raised frivolous sovereign-citizen theories to justify why he was no longer required to pay his mortgage and deserved a "full refund" of all prior mortgage payments. *Id.* ¶¶ 70, 86. These theories hinge on Mr. Berger's mistaken belief that he could eliminate his mortgage obligation simply by "assigning" the note to a trust he created in his own name. *See id.* ¶ 25 ("The promissory note and all rights thereunder have been conveyed to the Berger Familia God Trust and then to the Travis Vaughn Berger Name Image and Likeness Trust (exhibit 10) as evidenced by the deeds, assignments, and conveyances.").

Now before the Court are four Motions to Dismiss brought by the various Defendants. *See* Docs. 12, 18, 22, 33. Six Defendantsare current or former servicers of Mr. Berger's home mortgage debt.[1] The Complaint fails to state plausible claims against these Defendants. As for Separate Defendant Flagstar Bank, N.A., which did not file a motion to dismiss, the Court finds that Mr. Berger has failed to state a plausible claim against it. The ten remaining Defendants are federal agencies[2] whom Mr. Berger accuses of failing to "take corrective enforcement" against the banks/lenders who collected or are collecting payments on his mortgage debt. (Doc. 3, ¶ 89). No plausible claims are stated

---

[1] Defendant Polaris Home Funding Corporation originated the Bergers' mortgage in 2017 and appointed Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") to act as Polaris's nominee or mortgagee of record; MERS then assigned the mortgage in 2021 to Defendant Lakeview Loan Servicing, LLC; in 2025, Defendant Nationstar Mortgage, LLC, became the new servicer; and in 2026, Defendant M&T Bank became the new (and current) servicer. As for Defendant Flagstar Bank, N.A., the Complaint makes an incoherent assertion about an "incomplete/blank Flagstar endorsement" to the note but otherwise fails to discuss Flagstar's servicing role. (Doc. 3, ¶ 20).

[2] They are: the Government National Mortgage Association, the U.S. Department of Housing and Urban Development, the Federal Housing Administration, the Office of the Comptroller of the Currency, the Consumer Financial Protection Bureau, the Internal Revenue Service, the U.S. Department of the Treasury, Office of Inspector General, the Federal Trade Commission, the U.S. Department of Justice, and the Federal Housing Finance Agency.

against the federal agencies either. All claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

The last issue to address is whether dismissal should be with or without prejudice. Over the past ten days, Mr. Berger has admitted that at least some of his claims lack merit, and he consents to the dismissal—without prejudice—of Separate Defendant Nationstar Mortgage, LLC, *see* Doc. 32, and all federal agency Defendants, *see* Doc. 36. The Court finds that Mr. Berger's pseudo-legal theories are so frivolous that amendment would be futile. Thus, dismissal with prejudice is appropriate. *See Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021).

**IT IS THEREFORE ORDERED** that all Motions to Dismiss (Docs. 12, 18, 22, 33) are **GRANTED**. The claims in the Complaint are either moot or fail to meet Rule 12(b)(6)'s pleading standards. Further amendment would be futile for the reasons stated above, and the case is therefore **DISMISSED WITH PREJUDICE**. Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 27th day of October, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE